___ FILED ___ ENTERED
___ LODGED ___ RECEIVED

MAR 23 2005    ES

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

05-MC-00049-APPL

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNY RUBIN, et al.<br>Plaintiffs-Judgment Creditors<br><br>vs<br><br>HAMAS - ISLAMIC RESISTANCE MOVEMENT<br>Defendant-Judgment Debtor<br><br>vs<br><br>SATURNA CAPITAL<br>Garnishee Defendant | Case No. MS04-191<br><br>APPLICATION FOR WRIT<br>OF GARNISHMENT<br><br>[*Clerk's action required*] |

## I. APPLICATION

1.1 Plaintiffs Jenny Rubin, Deborah Rubin, Daniel Miller, Abraham Mendelson, Stuart Elliot Hersh, Renay E. Frym, Noam Rozenman, Elena Rozenman, and Tzvi Rozenman ("plaintiffs") have a judgment wholly or partially unsatisfied, against the above named defendant, HAMAS – ISLAMIC RESISTANCE MOVEMENT ("HAMAS"), entered on September 27, 2004, in the United States District Court for the District of Columbia and domesticated in the court from which the writ is being sought.

1.2 A judgment against HAMAS may also be satisfied from the assets of The Holy Land Foundation for Relief and Development ("HLF") pursuant to §201(a) of The Terrorism Risk Insurance Act of 2002 (Public Law 107-297; 116 Stat. 2322) ("TRIA") because the HLF is an agency and instrumentality of HAMAS within the meaning of TRIA. Estates of Ungar v. The Palestinian Authority, 304 F.Supp.2d 232, 241 (D.R.I. 2004).

1.3 The amount due is the balance of plaintiffs' judgment in the amount of $214,500,000.00 plus interest, costs, attorneys' fees and estimated garnishment costs as indicated in the writ.

APPLICATION FOR WRIT OF GARNISHMENT

Page 1 of 2

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

1.4 Plaintiffs have reason to believe, and do believe, that Saturna Capital, whose business address is 1300 N. State Street, Bellingham, Washington, the Garnishee, is indebted to the HLF in amounts exceeding those exempted from garnishment by any state or federal law; and that it has possession or control of personal property or effects belonging to the HLF which are not exempted from garnishment by any state or federal law, and which are subject to garnishment by plaintiffs pursuant to §201 of TRIA. The office of the Garnishee Defendant which holds or controls assets of the HLF is located at 1300 N. State Street, Bellingham, Washington.

1.5 The garnishee is not the employer of the defendant or the HLF.

1.6 This garnishment is further supported by the declaration of David J. Strachman, a copy of which is filed herewith and incorporated herein.

## II. CERTIFICATION

I CERTIFY under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 23rd day of March, 2005, at Seattle, Washington.

_____
Craig S. Sternberg, WSBA 00521
Sternberg Thomson Okrent & Scher, PLLC
Local Counsel for the Plaintiffs
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

APPLICATION FOR WRIT OF GARNISHMENT

Page 2 of 2

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNY RUBIN, et al.<br>    Plaintiffs-Judgment Creditor<br><br>vs<br><br>HAMAS - ISLAMIC RESISTANCE MOVEMENT<br>    Defendants-Judgment Debtors | Case No. MS 04-191<br><br>[*Clerk's action required*] |

I, David J. Strachman, pursuant to 28 U.S.C. §1746, declare the following under penalty of perjury:

I. **INTRODUCTION**

I am trial counsel for the plaintiffs in this matter and represented the plaintiffs in the underlying action in the United States District Court for the District of Columbia. I make this affidavit in support of plaintiffs' request for the issuance of the enclosed Writ of Execution.

Plaintiffs are the victims injured in a triple suicide bombing carried out by the HAMAS terrorist organization (also known as "The Islamic Resistance Movement") on September 4, 1997, in Israel.

Page 1 of 6

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2808

In May 2002, plaintiffs filed suit against HAMAS and other defendants in the United States District Court for the District of Columbia under 18 U.S.C. §2333, which creates a federal civil cause of action for American citizens (and their survivors, estates and heirs) murdered or otherwise harmed by acts of international terrorism.

On September 27, 2004, the District Court in Washington, DC issued a Memorandum and Order entering final judgment for the plaintiffs against HAMAS for $214,500,000.00 in damages. Rubin v. Hamas, 2004 WL 2216489 (D.D.C.).

On December 8, 2004, plaintiffs registered the judgment in this Court.

## II. THE BLOCKING OF ASSETS BELONGING TO HAMAS AND HAMAS' AGENCIES AND INSTRUMENTALITIES IN THE UNITED STATES

The International Emergency Economic Powers Act, 50 U.S.C. §1701 *et seq.* ("IEEPA") authorizes the President, upon declaration of a national emergency, to block any property subject to the jurisdiction of the United States. 50 U.S.C. §1702.

On January 23, 1995, the President issued Executive Order 12947 (60 Fed. Reg. 5079) pursuant to IEEPA. Executive Order 12947 designated HAMAS as a "Specially Designated Terrorist" or SDT, and blocked its assets. Executive Order 12947 also provides for other persons or organizations to be designated as SDTs and thereby have their assets blocked, if found to be *"owned or controlled by, or to act for or on behalf of"* HAMAS. Id.

On September 23, 2001, the President issued Executive Order 13224 pursuant to IEEPA. (66 Fed. Reg. 49079). Executive Order 13224 designated HAMAS as a "Specially Designated Global Terrorist," or SDGT, and blocked its assets under this designation as well. Executive Order 13224 also provides for other persons or organizations to be designated as SDGTs and

thereby have their assets blocked, if found to "*act for or on behalf of*" HAMAS or to be "*owned or controlled by*" HAMAS. Id.

On December 4, 2001, the Secretary of the Treasury determined that a Texas-based organization known as The Holy Land Foundation for Relief and Development ("HLF") "*acts for or on behalf of*" HAMAS, and designated the HLF as an SDT under Executive Order 12947 and as an SDGT under Executive Order 13224. Holy Land Foundation v. Ashcroft, 219 F. Supp. 2d 57, 64 (D.D.C. 2002). Specifically, the Treasury found strong evidence that HLF functions as the fund-raising arm of HAMAS in the United States. Id. at 69-74. Pursuant to these designations the Treasury issued a "Blocking Notice" freezing all of HLF's funds, accounts and real property. Id. at 64.

The District Court and Court of Appeals for the District of Columbia upheld the finding that the HLF is the fund-raising arm of HAMAS in the United States and affirmed the designation of the HLF as an SDT and SDGT. Holy Land Foundation v. Ashcroft, 219 F.Supp.2d 57 (D.D.C. 2002), 333 F.3d 156 (D.C. Cir. 2003) cert. denied 124 S. Ct. 1506 (2004).

Indeed, the Court of Appeals found that "*HLF's role in the funding of Hamas and of its terrorist activities is incontrovertible*". Id. at 165.

### III. THE BLOCKED ASSETS OF THE HLF ARE SUBJECT TO EXECUTION IN SATISFACTION OF PLAINTIFFS' JUDGMENT

On November 26, 2002, the President signed into law The Terrorism Risk Insurance Act of 2002 (Public Law 107-297; 116 Stat. 2322) ("TRIA"). Title II of the TRIA provides in relevant part as follows:

STERNBERG THOMSON OKRENT & SCHER, PLLC
500 Union Street, Ste. 500
Seattle, WA 98101
206 386-5438//FAX 206 374-2868

> Notwithstanding any other provision of law . . . in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism . . . the blocked assets of that terrorist party (<u>including the blocked assets of any agency or instrumentality of that terrorist party</u>) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

TRIA §201(a) (emphasis added).

The triple suicide bombing attack in which the plaintiffs were injured by HAMAS was an "act of terrorism" as defined by TRIA[1] and HAMAS clearly meets the definition of a "terrorist party" under TRIA.[2] Therefore, §201(a) renders all "blocked assets" of HAMAS, as well as all "blocked assets" of any agency or instrumentality of HAMAS, such as the HLF, subject to execution and attachment in aid of execution, in order to satisfy plaintiffs' judgment against HAMAS.

All U.S.-based assets of the HLF were blocked pursuant to Executive Orders 12947 and 13224 specifically because the HLF "*acts for or on behalf of*" HAMAS, and thus the assets of

---

[1] Section 201(d)(1) of TRIA provides that the term "act of terrorism" includes any terrorist activity as defined in section 212(a)(3)(B)(iii) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(iii)). The latter provision defines terrorist activity as "any activity which is unlawful under the laws of the place where it is committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any State) and which involves any of the following . . . The use of any . . . explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property [or] A threat, attempt, or conspiracy to do any of the foregoing."

[2] Section 201(d)(4) of TRIA provides that the term "terrorist party" includes a "terrorist organization" as defined in section 212(a)(3)(B)(vi) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(vi). The latter provision defines a terrorist organization as including "an organization . . . that is a group of two or more individuals, whether organized or not, which engages in" terrorist activity."

the HLF are "blocked assets" of an agency and instrumentality of HAMAS subject to execution by plaintiffs under TRIA.[3]

Accordingly, the United States District Court in Rhode Island expressly found that the assets of the HLF are subject to execution in satisfaction of judgment against HAMAS:

> On December 4, 2001, the Office of Foreign Asset Control, a division of the Treasury Department, determined that the HLF acts "for or on behalf of" Hamas and was thus a Specially Designated Terrorist under Executive Order 12947 and a Specially Designated Global Terrorist under Executive Order 13224. Holy Land Found. for Relief and Dev. v. Ashcroft, 219 F.Supp.2d 57, 64 (D.D.C. 2002). These designations allowed the Treasury Department to block all of the HLF's funds, accounts, and real property. Id.
>
> The Terrorism Risk Insurance Act of 2002, ("TRIA") subjects the blocked assets of a terrorist party, and any agency or instrumentality of that terrorist party, to execution or attachment in order to satisfy a judgment against them on any claim based on an act of terrorism. Pub. L. No. 107-297, 116 § 201(a), Stat. 2322 (2002). The HLF is an agency and instrumentality of Hamas because it acts "for or on behalf of" Hamas as Hamas' fund-raising agent in the United States. <u>Therefore, the HLF's blocked assets are also subject to attachment and execution under the TRIA in order to satisfy the present judgment against Hamas.</u>

The Estates of Ungar, 304 F.Supp.2d at 241 (D.R.I. 2004) (emphasis added).[4]

Therefore, the blocked assets of the HLF are subject to execution in satisfaction of plaintiffs' judgment, pursuant to §201 of the TRIA.

---

[3] Section 201(d)(2) of TRIA provides that the term "blocked asset" includes any asset blocked pursuant to IEEPA. As noted, the Executive Orders blocking all of the HLF's assets were issued pursuant to IEEPA. See Holy Land Foundation v. Ashcroft, 219 F.Supp.2d 57 (D.D.C. 2002)

[4] This finding underlay the ruling by the District Court that final judgment should enter against HAMAS pursuant to FRCP 54(b) despite the pendency of the action against other defendants. The court found that HLF's assets "are steadily depleting because the Treasury Department has allowed the HLF to use the assets to pay its attorneys to challenge the blocking order and defend the HLF against a civil action arising from its collection of funds for Hamas," and that this depletion of the limited pool of assets available to satisfy plaintiffs' judgment constituted sufficient grounds for immediate entry of final judgment under Rule 54(b). Id. at 241-242.

## IV. BLOCKED ASSETS OF HLF ARE HELD IN THIS FEDERAL DISTRICT

Plaintiffs have learned that some blocked assets of HLF are held by a financial institution in this federal district.

Since "the HLF's blocked assets are also subject to attachment and execution under the TRIA in order to satisfy the present judgment against Hamas," Ungar, 304 F.Supp.2d at 241, the enclosed Writ of Execution naming both HAMAS and the HLF should issue forthwith.

The text of the enclosed Writ of Execution follows the text of the writ of execution issued previously by this Court in Ungar v. HAMAS, MS 04-085 and other courts.

I declare under penalty of perjury that the foregoing is true and correct.

Dated at Providence, Rhode Island, this 18th day of February, 2005.

David J. Strachman, Attorneys for the Plaintiffs
McIntyre, Tate, Lynch & Holt
Ste 400, 321 South Main Street
Providence, RI 02903
401 351-7700  FAX 401 331-6095

AO 451 (Rev. 12/93) Certification of Judgment

FILED
LODGED
RECEIVED

DEC 03 2004

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

JENNY RUBIN, et al.

V.

HAMAS ISLAMIC RESISTANCE MOVEMENT, et al.

**CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT**

MS04 191

Case Number:  02cv-0975

I, _____Nancy Mayer-Whittington_____ Clerk of the United States district court certify that the attached judgment is a true and correct copy of the original judgment entered in this action __09/27/04__, as it
                                                                                                                      Date
appears in the records of this court, and that

\* no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

4100657

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

December 3, 2004                                        Nancy Mayer-Whittington
Date                                                    Clerk

                                                        _____
                                                        (By) Deputy Clerk

04-MC-00191-CERT

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

FILED
LODGED
RECEIVED

DEC 0 8 2004

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                            DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNY RUBIN et al., | |
| Plaintiffs, | Civil Action No.: 02-0975 (RMU) |
| v. | Document No.: 7 |
| HAMAS - ISLAMIC RESISTANCE MOVEMENT (a.k.a. "Harakat Al-Muqawama Al- Islamiyya"), | MS 04 19 |
| Defendant. | |

### ORDER AND JUDGMENT

#### GRANTING THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

For the reasons set forth in the accompanying memorandum opinion, it is this 27th day of September, 2004,

ORDERED that judgment be and is entered on behalf of plaintiff Jenny Rubin against HAMAS in the amount of $21,000,000; and it is

FURTHER ORDERED that judgment be and is entered on behalf of plaintiff Daniel Miller against HAMAS in the amount of $36,000,000; and it is

ORDERED that judgment be and is entered on behalf of plaintiff Abraham Mendelson against HAMAS in the amount of $36,000,000; and it is

FURTHER ORDERED that judgment be and is entered on behalf of plaintiff Stuart Hersh against HAMAS in the amount of $36,000,000; and it is

ORDERED that judgment be and is entered on behalf of plaintiff Noam Rozenman against HAMAS in the amount of $45,000,000; and it is

FURTHER ORDERED that judgment be and is entered on behalf of plaintiff Deborah

Rubin against HAMAS in the amount of $7,500,000; and it si

**ORDERED** that judgment be and is entered on behalf of plaintiff Renay Frym against HAMAS in the amount of $18,000,000; and it is

**FURTHER ORDERED** that judgment be and is entered on behalf of plaintiff Elena Rozenman against HAMAS in the amount of $7,500,000; and it is

**ORDERED** that judgment be and is entered on behalf of plaintiff Tzvi Rozenman against HAMAS in the amount of $7,500,000.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

ECF
DOCUMENT

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Columbia.
Date Filed: 9/27/04

By: NANCY MAYER-WHITTINGTON, CLERK